UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WALTER E. MAYORGA,

                        Petitioner,                **ORDER**

       -against-                            22-cv-8714 (NSR) (AEK)

MARK MILLER,

                        Respondent.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The Court is in receipt of *pro se* Petitioner Walter Mayorga's petition for writ of habeas corpus. Earlier this year, this case was transferred from the United States District Court for the Eastern District of New York to the United States District Court for the Southern District of New York.[1] After the case was transferred, it came to this Court's attention that in the version of the petition that is on file with the Court—a copy of which is attached to this Order[2]—page 5 is missing. *See* ECF No. 1 (attached). It appears as though this missing page would contain Petitioner's first purported ground for habeas relief.

---

[1] Petitioner was convicted and sentenced in Dutchess County and is currently in custody at a New York State prison located in Dutchess County. Therefore, the case should have been filed in the United States District Court for the Southern District of New York, as Dutchess County is located within the Southern District of New York. *See* Transfer Order, *Mayorga v. Miller*, No. 22-cv-5838 (AMD) (E.D.N.Y. Oct. 5, 2022), ECF No. 4.

[2] In the attached version of the petition, the Court has redacted the name of a minor victim on pages 7 and 8.

Accordingly, Petitioner is directed to re-submit a complete copy of his petition to the Court at the following address:

> Office of the Clerk of Court
> U.S. District Court for the Southern District of New York
> 300 Quarropas Street
> White Plains, New York 10601-4150

If Petitioner is unable to re-submit a complete copy of his petition for any reason, he must write to the Court to provide an explanation. Re-submitting the petition pursuant to this Order will not open a new case or create any other procedural obligations for Petitioner; the purpose of this Order is simply to obtain a complete copy of the petition.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner.

Dated: November 3, 2022
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2022 ★
BROOKLYN OFFICE

# PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN** | |
|---|---|---|
| Name: Walter E. Mayorga | Prisoner No.: 15A3469 | Case No.: **CV 22-5838** Donnelly, J. |
| Place of Confinement: GREEN HAVEN CORRECTIONAL FACILITY | | |
| Petitioner (include name under which convicted) **WALTER E. MAYORGA** | v. | Respondent (authorized person having custody of Petitioner) **MARK MILLER** |
| The Attorney General of the State of New York | | |

## PETITION

1. (a) Name and location of the Court that entered the judgment of conviction you are challenging:

   Supreme Court of the State of New York: Dutchess County
   10 Market Street
   Poughkeepsie, NY 12601

   (b) Criminal Docket or Case Number (if you know): __107/14__

2. (a) Date of the judgment of conviction (if you know): __August 15, 2015__
   (b) Date of sentencing (if you know): _____

3. Length of sentence: __46 1/3 to 49 years__

4. Identify all crimes of which you were convicted and sentenced in this case: __Rape in the First Degree (Penal Law §130.35 [2 counts]); Rape in the Second Degree (Penal Law §130.25 [1 count]); Endangering the Welfare of a Child (Penal Law §260.10 [1 count]).__

5. What was your plea? (Check one)
   (a) Not Guilty       ■
   (b) Guilty           ☐
   (c) Nolo Contendere (no contest)  ☐

   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

6. If you went to trial, what kind of trial did you have? (check one)
   Jury ■        Judge only ☐

7. Did you testify at either a pretrial, trial, or a post-trial hearing?
   Yes ☐        No ■

8. Did you appeal from the judgment of conviction?
   Yes ■        No ☐

1

9. If your answer to 8 was "Yes", attach a copy of the appeals court decision to this petition and answer the following:

   (a) Name of court: Supreme Court of the State of New York, Appellate Division: Second Department

   (b) Docket or case number (if you know): 2015-07824

   (c) Result: Affirmed

   (d) Date of result (if you know): March 17, 2021

   (e) Citation to the case (if you know): 192 AD3d 913

   (f) Grounds raised: 1. Trial Court Erred in Failing to Admit Evidence of the Alleged Victim's Sexual Relation with Jonathan Mayorga, Defendant's Son; 2. Trial Court Erred in its *Batson v. Kentucky* Ruling; 3. Trial Court Failed to Adequately Charge the Jury; 4. Trial Court Erred in not Granting Defendant's Motion to Dismiss; 5. Defendant Received Ineffective Assistance of Counsel; 6. Defendant's Sentence was Excessive

10. Did you seek further review by a higher state court? Yes ■   No ☐

    If your answer to 10 was "Yes", attach a copy of the higher state court decision to this petition and answer the following:

    (a) Name of court: New York State Court of Appeals

    (b) Docket or case number (if you know): _____

    (c) Result: Denied Permission for Leave

    (d) Date of result (if you know): June 30, 2021

    (e) Citation to the case (if you know): 37 NY3d 966

    (f) Grounds raised: Same as above

12. Did you file a petition for centiorari in the United States Supreme Court? Yes ☐   No ■

13. If your answer to 12 was "Yes", attach a copy of the United States Supreme Court decision to this petition and answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

    (a) Docket or case number (if you know): _____

    (b) Result: _____

    (c) Date of result (if you know): _____

    (d) Citation to the case (if you know): _____

    (e) List all grounds you raised (1) _____

    (2) _____

    (3) _____

14. Other than the direct appeals from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under CPL §§440, a state habeas corpus petition, or a previous petition under 28 USC 2254) with respect to this judgment of conviction in any

2

court, state or federal?

    Yes ■    No ☐

15. If your answer to 14 was "Yes", <u>attach a copy of that court's decision to this petition</u> and give the following information:

    (a) Name of court: _Supreme Court of the State of New York; Dutchess County_

    (b) Docket or case number (if you know): _107/14_

    (c) Date of filing (if you know): _December 3, 2021_

    (d) Nature of the proceeding: _Motion for Stenographic Transcripts, CPLR §§1101 and §1102(b)_

    (e) Grounds Raised: _Defendant Attorney did not proffer the Stenographic Minutes as per Statute and that Defendant was Seeking the Trial Minutes for either a CPL §440.10/Error Coram Nobis_

    (f) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐    No ■

    (g) Result: _Denied_

    (h) Date of result (if you know): _February 2022_

16. If your answer to 14 was "Yes" and you also filed any <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Date of filing (if you know): _____

    (d) Nature of the proceeding: _____

    (e) List <u>all</u> the grounds you raised: (1) _____

    (2) _____

    (3) _____

    (e) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes ☐    No ☐

    (f) Result: _____

    (g) Date of result (if you know): _____

As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> give the same information asked for under 15 and 16.

17. If your answer to 14 was "Yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15 and 16, did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

    Yes ☐    No ☐

18. If your answer to 17 was "Yes", <u>attach a copy of that court's decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

    (a) Name of Court: _____

   (b) Dated filed: _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case: _____
   (f) List all grounds you raised: _____

19. Did you appeal to a higher state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decision regarding the petition(s), application(s), or motion(s) you listed in 15 and 16?

   (1) First petition:     Yes   ☐    No   ☐
   (2) Second petition:    Yes   ☐    No   ☐
   (3) Third petition:     Yes   ☐    No   ☐
   [List any other petition and indicate yes or no]

20. For each "Yes" in 19, attach a copy of that court's decision to this petition and answer the following information:

   (a) Name of Court: _____
   (b) Dated filed: _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case: _____
   (f) List all grounds you raised: _____

21. If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _____

22. State concisely every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies on each ground on which you request action by the federal court. See 28 USC §2254(b). If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date. See 28 USC §2254(b).

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in

4

there was a reliable chance that the jury would definitely have made a different conclusion and acquitted Defendant of the Rape charges. In this manner, Defendant would have had the opportunity to present his Constitutional right to present a defense that would have undermined the credibility of the alleged victim, Tania.

**B. GROUND TWO: THE TRIAL COURT ERRED IN ITS *BATSON v. KENTUCKY* RULING**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
Defense counsel argued during jury selection that the People's use of their peremptory challenges were in violation of *Batson v. Kentucky*. Defense counsel disputed the first round of challenges the People exercised because four of five were people of color and the other person was a Muslim. Defense counsel asserted a *prima facie* case to the court that the People did not come forward with a race neutral explanation as to why they exercised five peremptory challenges against the aforementioned people that the lower court refused to acknowledge. The exclusion of a cognizible group of people was the first element of a *prima facie* and that was clearly demonstrated. The second element of a *prima facie* case is showing the facts and other relevant circumstances that would support the impermissible discrimination. In this case, the first two rounds of peremptory challenges, six of the first ten peremptory challenges were minorities. By the lower court ruling that the defense did not set forth as *prima facie* case is erroneous and, thus, the People failed to respond to a Batson violation.

**C. GROUND THREE:** Petitioner was deprived of a Fair Trial when the Court failed to adequately Charge the Jury.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
Even though an objection is required to preserve an issue for appellate review, in the interest of justice, the appellate court can review an issue under their "interest of justice discretionary" rule. To be reviewed under this rule the question on appeal must be fundamental or basic, the alleged error must be fundamental and prejudicial, or the objection was made in close proximity to the objectable testimony or proceeding. Here, the court erred by incorrectly charging a reasonable doubt instruction, thus, relieving the jury of properly judging Petitioner's guilt, relieving the People of proving Petitioner's guilt of each and every element of the crime charged. This fundamental and basic element violated Petitioner's Constitutional right to a fair trial. Under the Sixth Amendment, it is the jury that determines the Petitioner's guilt, not the court. Due process mandates that Petitioner's guilt must be by a jury's verdict and beyond a reasonable doubt. The court failed to communicate that it is the People's burden to prove guilt beyond a reasonable doubt. This is not a harmless error and the appellate court refused to address this issue in their decision. The Constitutions of the United States and New York State do not explicitly demand that the trial court define reasonable but requires that the jury understand that it is the People's burden to prove Petitioner's guilt beyond a reasonable doubt. The Supreme Court has held that jury instructions that partially defines reasonable doubt violated due process. In this case, the court, when explaining reasonable doubt to the jury, states "a reasonable doubt is an honest doubt of defendant's guilt for which

6

a reason exists based upon the nature and quality of the evidence." There is a statement that implies to the jury that they must find an articulable reason to support their doubt about the People's case, which means the jury had to have a real good reason to harbor their doubt even if they could not explain why they felt that doubt. Because defense counsel did not object, it feel upon the appellate court to use their discretion on this Constitutional issue but did not address the issue, which Petitioner asks this Court to address it based on the discretionary power held by this Court to review Constitutional violations.

D. **GROUND FOUR:** The trial court erred when it did not grant Defense Counsel's Motion to Dismiss

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
After the People rested its case, Defense Counsel made a motion, pursuant to CPL §290.10(1)(a), to dismiss upon the grounds that trial evidence was legally insufficient to establish the offenses charged. Because defense counsel has stated that the evidence was insufficient to establish any charge against Petitioner, this becomes a reviewable issue for this Court. For a court to conclude that a verdict is supported by sufficient evidence, there must be a determination whether a valid line of reasoning and permissible inference could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law, satisfies the proof and burden required for every element of the crime charged. The People's evidence at trial did not establish that Petitioner raped the victim and when the court denied Petitioner the testimony of someone who would contradict that Petitioner raped the victim, the court had to examine the evidence further when the defense counsel asked for the to dismiss the case. This is not a harmless error. The victim, ████████, admitted that her story of the rape was a lie and her mother did not believe she was telling the truth. The verdict of the jury should have been set aside based on the insufficiency of the evidence when no reasonable jury could have convicted based on the evidence at trial. A court reviewing legal sufficiency of the trial evidence must determine whether any valid line of reasoning and permissible inference could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial.

E. **GROUND FIVE:** Petitioner did not enjoy the Effective Assistance of Counsel as guaranteed by the Federal and State Constitutions.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
The defense counsel did not understand the consequences of his actions when he did not know or failed to argue the admissibility of the alleged victim's statement to another person, Jonathan, that she was a virgin in October 2012, but stated at trial that she was raped in September 2012. The alleged victim's statement to Jonathan that she was a virgin was admissible. Trial counsel failed to make this argument. Had the statement been admitted, defense counsel would have been able to cross-examine the alleged victim about her statement to Jonathan and argue to the jury that her testimony was based on false allegations and the doctor's, Dr. Chen, findings that there was no finding of vaginal damage that was normal with the forcible entry of a penis going into a vagina. Therefore, Petitioner was rendered ineffective assistance of counsel.

7

E. **GROUND SIX:** Petitioner's sentence is harsh and excessive.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
The court did not arrive at the appropriate sentence because it did not evaluate a variety of circumstances including the nature of the crime, the Petitioner's circumstances and noninvolvement, the Petitioner's prospect of rehabilitation, his prior health, record, or if the sentence was one that would mean Petitioner would die in prison without a chance of reformation or rehabilitation. New York State is know to give first-time offenders virtual life sentences for doing something that is a guaranteed right under the Constitution: going to trial. The court in Dutchess County sentenced Petitioner so harshly that the Appellate Division, Second Department modified the sentence to run concurrently with each other. A person should not have to be subjected to vindictive sentencing for going to trial in any state, especially New York State. The sentence was done out of retribution for not taking a plea deal that the court thought was fair. But there is no fair sentence when someone is innocent of the crimes charged against him. Even though the Appellate Court modified the sentences to run concurrent with each other, the sentence is still harsh for someone convicted of a crime for the first time in his life. This was a vindictive sentence for a case that all evidence was circumstantial and there was testimonial evidence that was not allowed that would have contradicted the story of ▇▇▇▇▇▇▇ and her accusation of Petitioner.

23. If you did not previously present any of the grounds listed in 22A, 22B, and 22C in any other court, state, or federal, state briefly what grounds you did not present and give your reasons for not presenting them: __All issues have been exhausted in Court.__

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes ☐     No ■

    (a) Name of court: _____
    (b) Nature of Proceeding: _____
    (c) Date filed: _____
    (d) List all grounds you raised: _____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: __Unknown__
    (b) At arraignment and plea: __D. Jen Brown, 272 Mill Street, Suite 204, Poughkeepsie, NY 12601__
    (c) At trial: __Same as above (b)__
    (d) At sentencing: __Same as above (b)__
    (e) On appeal: __Salvatore C. Adamo, 225 W. 34th Street, 9th Floor, New York, NY 10122__
    (f) In any post-conviction proceedings: __Pro se__
    (g) On appeal: _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in

the same court and at the same time?
          Yes ■    No ☐

27. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐    No ■

    (a) If so, give the name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐    No ☐

28. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.*

<u>This does not apply to this petition. Petition has been filed before mandated deadline.</u>

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §2244(d) provides in part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus y a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ----
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of he United States is removed, if the petitioner was prevented from filing by such state action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                                                          _____
                                                                          Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of Perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on September 16, 2022.

Executed on September 16, 2022

_Walter Mayorga_
Petitioner

# EXHIBIT A:

SUPREME COURT OF THE STATE
OF NEW YORK:
APPELLATE DIVISION:
SECOND DEPARTMENT
WESTLAW CITE: 192 AD3d 913



New York
Official Reports

192 A.D.3d 913, 140 N.Y.S.3d 786 (Mem), 2021 N.Y. Slip Op. 08250

**\*\*1** The People of the State of New York, Respondent,

v

Walter E. Mayorga, Appellant.

Supreme Court, Appellate Division, Second Department, New York
107/14, 2015-07824
March 17, 2021

CITE TITLE AS: People v Mayorga

## HEADNOTES

**\*914** Crimes
Rape
Sufficiency and Weight of Evidence

Crimes
Endangering Welfare of Child
Sufficiency and Weight of Evidence

Crimes
Right of Confrontation
Rape Shield Law

Crimes
Jurors
Selection of Jury—Failure to Raise Inference of Racial Discrimination

Crimes
Sentence
Concurrent and Consecutive Terms

Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered August 3, 2015, convicting him of rape in the first degree (two counts), rape in the third degree, and endangering the welfare of a child, upon a jury verdict, and sentencing him to a term of imprisonment of 25 years plus 10 years postrelease supervision on the first count of rape in the first degree, a consecutive term of imprisonment of 20 years plus 5 years postrelease supervision on the second count of rape in the first degree, a consecutive term of imprisonment of 1½ years plus 3 years postrelease supervision on the count of rape in the third degree, and a concurrent term of imprisonment of one year on the count of endangering the welfare of a child.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was convicted, after a jury trial, of two counts of rape in the first degree, one count of rape in the third degree, and endangering the welfare of a child, upon evidence that he forced the then 14-year-old complainant to have sexual intercourse on two occasions in 2012, and engaged in sexual intercourse with the same complainant on May 30, 2014, when she was 16 years old. The trial court sentenced the defendant to consecutive terms of imprisonment on each of the three rape counts and a concurrent term of imprisonment on the count of endangering the welfare of a child, for an aggregate sentence of 46½ years plus postrelease supervision.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

The defendant's contention that he was deprived of his constitutional right to confront witnesses by the Supreme Court's application of the Rape Shield Law (*see* CPL 60.42) is **\*915** partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wallace*, 149 AD3d 878 [2017]). In any **\*\*2** event, the contention is without merit.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed, prima facie, to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Valdez-Cruz*, 99 AD3d 738 [2012]).

The sentence imposed was excessive to the extent indicated herein (*see* CPL 470.15 [6] [b]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Chambers, J.P., Austin, Miller and Wooten, JJ., concur.

Copr. (C) 2022, Secretary of State, State of New York

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B:

THE STATE OF NEW YORK
COURT OF APPEALS:
WESTLAW CITE: 37 NY3d 966



New York
Official Reports

37 N.Y.3d 966, 171 N.E.3d 247, 148 N.Y.S.3d 771 (Table)

People v Mayorga

Court of Appeals of New York
6/30/21

CITE TITLE AS: People v Mayorga

2d Dept: 192 AD3d 913 (Dutchess)

APPLICATIONS IN CRIMINAL CASES FOR LEAVE TO APPEAL

denied 6/30/21 (Wilson, J.)

Copr. (C) 2022, Secretary of State, State of New York

End of Document                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.